IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RANDY CURTIS MCPHERSON, § <br> LEISA FREDHOLM MCPHERSON, § <br> and JOHN ARANSAS DOE, § <br> Individually, and On Behalf of All Other § <br> Similarly Situated Plaintiffs § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ARANSAS COUNTY INDEPENDENT § <br> SCHOOL DISTRICT § <br> § <br> Defendant. § | C.A. No.:_____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Aransas County Independent School District, files this Notice of Removal, as follows:

### I.
### PROCEDURAL HISTORY

1. Plaintiffs, Randy Curtis McPherson, Leisa Fredholm McPherson, and John Aransas Doe, are residents of Aransas County, Texas, bringing individual claims. They also purport to bring this matter "On Behalf of All Other Similarly Situated Plaintiffs".

2. On October 27, 2017, Plaintiffs filed their Original Petition in Cause No. D-1-GN-17-006009, *Randy Curtis McPherson, Leisa Fredholm McPherson, and John Aransas Doe v. Aransas County Independent School District, Scott Rogers, and Rhonda Mieth*; In the 200th Judicial District Court of Travis County, Texas.

3. The petition asserted claims against the District and two individual District employees (the "Individual Defendants") for intentional infliction of emotional distress, violations

of "Texas Constitutional Rights", conspiracy, and breach of contract, along with a claim for exemplary damages and attorney's fees. *See* Exhibit 2.

4. Plaintiffs served Defendants on or about December 6, 2017. Defendants filed a Motion to Transfer Venue, along with an Answer and Affirmative Defenses. *See* Exhibit 6. Plaintiffs' counsel agreed to the transfer, and the case was transferred to Aransas County with a new cause number: Cause No. A-18-0034-CV-B; In the 156th Judicial District Court of Aransas County, Texas. *See* Exhibit 7.

5. In March of 2018, the Defendants prepared motions to dismiss the Individual Defendants based, *inter alia*, on professional immunity, failure to exhaust administrative remedies, and Texas Civil Practices and Remedies Code § 101.106 (the Texas Tort Claims Act's election of remedies provision). After counsel for the Defendant conferred with Plaintiffs' counsel regarding these motions, Plaintiffs voluntarily non-suited all of their claims against the Individual Defendants on March 20, 2018. *See* Exhibit 8.

6. On April 12, 2018, the District prepared a Plea to the Jurisdiction and Motion to Dismiss based, *inter alia*, on governmental immunity and failure to exhaust administrative remedies. On April 13, 2018, Plaintiffs' counsel stated, in an email, that he would be dropping all of the "tort claims".

7. As of April 30, 2018, Plaintiffs' counsel still had not dismissed the tort claims. Defense counsel informed Plaintiffs' counsel that he intended to schedule a hearing to dismiss Plaintiffs' claims. Plaintiffs' counsel responded that he would be "working through the pleadings". Plaintiffs, though, again failed to amend their petition.

8. Consequently, the District filed its Plea to the Jurisdiction and scheduled a hearing for July 12, 2018. At the request of Plaintiffs' counsel, the hearing was rescheduled for July 30, 2018. *See* Exhibit 1.

9. On July 29, 2018, at approximately 11:00 p.m., Plaintiffs filed a First Amended Petition. Although the First Amended Petition recites nearly identical "facts" as those set forth in the Original Petition, Plaintiffs dropped all of their existing state law claims, and for the first time asserted individual and purported class action claims arising under federal law. Specifically, Plaintiffs' First Amended Petition asserts, for the very first time, claims under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act.

## II.
### GROUNDS FOR REMOVAL

10. Because Plaintiffs allege violations of federal law in their First Amended Petition, the District removes this case on the basis of federal question jurisdiction in accordance with 28 U.S.C. §§ 1331, 1441(a), and 1446.

11. This Notice of Removal is timely filed within thirty (30) days of receipt of Plaintiffs' First Amended Petition (Plaintiffs' first pleading from which the District could ascertain that the case had become removable) as required by 28 U.S.C. § 1446(b)(3).

12. Venue is proper in the Southern District of Texas, Corpus Christi Division, under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this District.

13. The Defendants will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing of Notice of Removal, with the clerk of the state court where the action has been pending.

## III.
### STATE COURT FILINGS

14. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, copies of the following items are attached to this Notice: (1) all executed process in the case,; (2) pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge; (4) the

docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented.   *See* Appendix.

## IV.
### CONCLUSION AND PRAYER

For these reasons, the District requests that this matter be removed to federal court, and prays that it be awarded all such other and further relief to which it has shown itself entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ James E. Byrom
James E. Byrom
State Bar No. 03568100
jbyrom@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
shamm@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2018 a true and correct copy of the foregoing document was served on all counsel of record by electronic means, as follows:

Terry P. Gorman
Chigozie F. Odediran
**LAW OFFICES OF DONALD G. HENSLEE**
901 Mopac Expressway South, Suite 300
Austin, Texas 78746

/s/ James E. Byrom
James E. Byrom

4820-4294-4879, v. 1